UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BILLY TYLER PHILLIPS,<br><br>             Plaintiff,<br><br>vs.<br><br>WARDEN MATTSON,<br><br>             Defendant. | 4:24-CV-04163-KES<br><br><br>REPORT & RECOMMENDATION |

**INTRODUCTION**

Petitioner Billy Tyler Phillips, representing himself, filed a habeas petition pursuant to 28 U.S.C. § 2241.  Docket No. 1.  Mr. Phillips is a pretrial detainee in South Dakota state court.  Id.  This court has screened Mr. Phillips' petition pursuant to Rule 4 of the Rules Governing 2254[1] Cases and determines that it should be dismissed.

**FACTS**

The court has reviewed Mr. Phillips' underlying state court criminal file, State v. Phillips, CRI23-1624 (Lincoln Co.).  Mr. Phillis was arrested December

---

[1] Although Mr. Phillips has filed a § 2241 petition rather than a § 2254 petition, he is in custody pursuant to the State of South Dakota.  Rule 1 of the Rules Governing 2254 cases indicates the court may apply any or all of the § 2254 Rules to a habeas corpus petition not covered by Rule 1(a), which describes only those persons who are in custody pursuant to a judgment.

29, 2023, on a complaint alleging he possessed methamphetamine, he possessed drug paraphernalia, he committed third-degree burglary by entering Grand Valley Lutheran Church with the intent to commit the crime of theft, and that he possessed burglary tools at that time. Id. at pp. 1-2.

A bond hearing was conducted the same day and Mr. Phillips was ordered to be released upon posting a cash-only bond of $2,500. Id. at p. 3. A condition of Mr. Phillips' bond was that he obey all conditions of probation in a pre-existing case. Id. Attorney Aaron Salberg was appointed to represent Mr. Phillips also on December 29. Id. at p. 5.

An indictment was issued January 3, 2024, largely reiterating the charges from the complaint, but modifying the burglary charge to attempted burglary and adding one additional charge of grand theft. Id. at pp. 8-10. The indictment included a part II information alleging Mr. Phillips to be an habitual offender because he had a prior felony conviction for assault while displaying a dangerous weapon. Id. at p. 11. Thereafter, attorney Amber Eggert filed a notice of appearance on behalf of Mr. Phillips. Id. at p. 13. A few weeks later attorney Edward Angel filed a notice of appearance on behalf of Mr. Phillips. Id. at p. 20.

On January 31, Mr. Phillips wrote to the state judge presiding over his case and asked the judge to reduce his bond. Id. at pp. 24-25. On February 28, 2024, a superseding indictment was filed reiterating the charges from the original indictment and also asserting a charge of ingestion of a controlled substance. Id. at pp. 26-27. The state filed a number of pretrial motions in

preparation for trial. Id. at pp. 29-53. Mr. Angel then filed a motion seeking to continue the trial date with Mr. Phillips' consent. Id. at p. 53. The trial court granted the motion. Id.

Another motion to continue was filed by Mr. Angel, again with Mr. Phillips' consent, seeking to continue the trial date again. Id. at p. 55. That motion was also granted. Id. This was filed by a third defense motion, again with Mr. Phillips' consent, and this motion was also granted. Id. at p. 56.

On June 26, 2024, the prosecution moved to continue the trial date because a material prosecution witness was not going to be available during the then-currently scheduled trial date. Id. at p. 57. The court granted this motion, which in turn caused Mr. Angel to again move to continue the trial. Id. at p. 59. Mr. Angel explained that the continuance granted to the prosecution resulted in Mr. Angel being double-booked the same week for trial in Mr. Phillips' case and another case involving the use of Spanish interpreters. Id. The court granted the motion. Id. at p. 58. Trial was reset for September 18, 2024. Id. at p. 65.

Based upon a breakdown in the attorney-client relationship, Mr. Angel moved to withdraw from representing Mr. Phillips. Id. at pp. 69-71. This motion was filed after Mr. Phillips wrote directly to the court complaining about Mr. Angel's representation. Id. at pp. 66-67. Mr. Angel's motion was granted and new counsel, Derek Hoffman, was appointed. Id. at p. 72. Even after Mr. Hoffman was appointed, Mr. Phillips continued to write letters directly to the state circuit court complaining about his lawyer and making demands for

release and for documents.  Mr. Phillips' state court trial is currently scheduled for October 7, 2024.  Docket No. 1 at p. 8.

Mr. Phillips filed his habeas petition with this court on September 6, 2024.  Id.  In that petition he raises four grounds for relief:

1.      The numerous delays of Mr. Phillips' state court trial are in violation of SDCL § 21-27-16 and 18 U.S.C. § 3162(A)(2) and (B)(2).

2.      Mr. Phillips has been in custody for more than 90 days in violation of 18 U.S.C. §§ 3164(a)(1), (b), and (c).

3.      Mr. Phillips has been deprived of his Sixth Amendment right to effective assistance of counsel and deprived of his liberty because his demands for a speedy trial to counsel and to the state judge have been ignored.

4.      The state has violated 18 U.S.C. § 3161(h)(7)(C) by requesting a delay of the trial due to its failure to obtain an available witness.

Docket No. 1 at pp. 6-8.

## DISCUSSION

A pretrial detainee such as Mr. Phillips can bring a habeas petition pursuant to 28 U.S.C. § 2241, however federal courts are not to interfere with a state's "pending judicial processes prior to trial and conviction" absent extraordinary circumstances.  Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981).  The court finds no extraordinary circumstances are presented in Mr. Phillips' petition.

In Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974), a state pretrial detainee sought to dismiss the state charges on speedy trial grounds by filing a

4

federal habeas petition. That attempt was soundly rejected by the court. Id. The court stated to grant Wingo's request would "be an unjustifiable interference with . . . [the] states' judicial enforcement of their criminal laws." Id. See also Neville v. Cavanagh, 611 F.2d 673, 676 (7th Cir. 1979). This is not a case where the state court refused to hold a bond hearing or ordered Mr. Phillips to be held without bond. He was afforded a bond hearing and the amount of his bond is materially in keeping with his status as a repeat offender facing numerous felony charges.

Moreover, Mr. Phillips asserts a state statute as grounds for granting him relief. Docket No. 1 at p. 6. Claims based on state law alone are not cognizable federal habeas claims. The Eighth Circuit has made it clear that a mere violation of a state statute by state officials, taken alone, does not violate due process of law. Weimer v. Amen, 870 F.2d 1400, 1406 (8th Cir. 1989); See also Lemke v. Cass County, Nebraska, 846 F.2d 469, 471-73 (8th Cir. 1987) (en banc); Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir. 1992) (bad-faith violation of state law is only a violation of state law and does not rise to the level of a constitutional violation); Meis v. Gunter, 906 F.2d 364, 369 (8th Cir. 1990) ("A violation of state law, without more, is not the equivalent of a violation of the Fourteenth Amendment."); Myers v. Scott County, 868 F.2d 1017, 1018 (8th Cir. 1989) (substantive due process relief is reserved for the truly egregious and extraordinary cases).

Mr. Phillips also cites to 18 U.S.C. §§ 3161, 3162, & 3164 in support of his claims for relief. But those provisions deal with the federal Speedy Trial

Act, which by definition applies only to federal criminal proceedings. Whether Mr. Phillips' state court proceeding has complied with the inapplicable federal Speedy Trial Act requirements cannot afford him federal habeas relief.

Finally, Mr. Phillips asserts his Sixth Amendment right to effective assistance of counsel has been violated because his lawyer has not complied with Mr. Phillips' demands for a speedy trial. He also alleges that his liberty interest has been violated by the state court judge because it also has not heeded Mr. Phillips' request for a speedy trial. Docket No. 1 at p. 9. However, these claims have not been exhausted. The state court has not held a hearing on an ineffective assistance of counsel claim. From the bare state court record, it appears Mr. Phillips has consented to each of the defense motions for a continuance. If he is now alleging he did not consent, that is a credibility matter on which the state court must first weigh in. See Sacco, 649 F.2d at 636-37 (declining to hear pretrial detainee's unexhausted claim). Ordinarily, South Dakota state courts will not entertain ineffective assistance of counsel claims until after a criminal trial matter is concluded and the direct appeal of that matter is final. State v. Anderson, 387 N.W.2d 544, 546 (S.D. 1986). Such claims may be raised in a state habeas petition. Id.

## CONCLUSION

After review and screening of Mr. Phillips' federal habeas petition and his state court criminal file, it is respectfully recommended that his petition be dismissed. His claims based on state and federal statutes fail as a matter of law and should be dismissed with prejudice. His claims based on federal

constitutional law are unexhausted and should be dismissed without prejudice. Once the state courts have been afforded a full opportunity to entertain Mr. Phillips' ineffective assistance and due process claims, he would then be free to assert those claims again in a federal petition.

## NOTICE OF RIGHT TO APPEAL

Mr. Phillips is notified he has fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 10th day of September, 2024.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge